Hemphill, Ch. J.
This is an inchoate claim to lands emanating from a Government anterior to the Revolution, and of a class from which, except in certain counties named in a late law of the Legislature, the constitutional inhibition against further action thereon has not been removed. This remains in all its force in all other portions of the territory of the Slate against all incipient titles originating under former Governments, except orders of survey and surveys of headrights, which have been recognized and permitted to be perfected into title, and then only on the onerous conditions that the holders of such claims should prove their continuous residence in the country op to the time of their application for a certificate under tile regulations of the existing Government, and comply with other formalities and'requisites prescribed by the land laws of 1837.
We have held in numerous instances, from the ease of Reiley, Assignee, v. The Board of Land Commissioners, decided in 1841, down to the case of Smith, Assignee, v. The State, decided on yesterday of this term, that the recognition of imperfect claims to lauds originating under a former Government depends upon the will of the existing sovereignty; that this act of recognition appertains to the political authorities, and does not and cannot emanate in the first place from courts of justice; that the political authorities alone are competent to determine whether it will comport with the existence, policy, or1 welfare of the existing sovereignty to complete the arrangements of the" former Government for the distribution of the public domain which still lie in contract not executed; and until there be some such act of recognition such claims are not the proper subjects of judicial cognizance.
These doctrines in effect were explicitly stated in the case of the Board of Land Commissioners v. Walling, Assignee, decided in 1843, and they have been subsequently recognized and adhered to as the settled law of the court in Jones v. Menard, Trimble v. Smithers, (1 Tex. R.,) Houston v. Robertson, Norton’s Succession v. The Commissioner, (2 Tex. R.,) and Kemper v. The Corporation of Victoria, (3 Tex. R.) In some of these cases extended references have been made to causes decided in the Supreme Court of the United States, in which similar doctrines were maintained in relation to imperfect titles emanating from the French and Spanish Governments anterior to the cession of Louisiana and Florida to the United States. For more convenient reference, however, I will transcribe a portion of the opinion in Les Bois v. *207 Brumwell, (4 How. R., 461,) in which the court gives a decided expression to-the conclusion that courts of justice cannot be permitted to interfere with such titles until confirmed by the political authority. “The granting power (of the former Government) was in a great degree political and altogether the exercise of royal authority, and of course subject to no supervision but by the same high authority itself. By the treaty the United States assumed the same exclusive right to deal with the title in their political and sovereign capacity; nor could the courts of justice be permitted to interfere. If they could, and by their decree complete the title, all power over the subject might have been defeated, not by the courts of the Union, but by the State courts also, and therefore the contemporary construction and practical understanding of the treaty for forty years has been that claims like the plaintiff’s had no standing in a court of justice until confirmed by Congress or by its authority.”
Note 72. — Hatch v. Dunn, 11 T., 70S; Marsh v. Weir, 21 T., 97; Smith v. Power, 23 T., 29; WiE-ooxv. Chambers, 26 T., 180; Plummer V. Power, 29 T., 6; Wood v. Wilder, 42 T., 396.
The facts of tire case are not such as to vary the principles applied in the case of Trimble v. Smithers and Jones v. Menard (1 Tex. R.) and other similar cases.
By one of the amendments it is alleged that possession was taken of the premises, but not until subsequent to the commencement of the action. And by an additional amendment it is averred, in substance, that on the facts and circumstances there arises a legal presumption that title had issued in conformity with the survey. The doctrines on the subject of presumptions of grants or titles to land have not been discussed in this case, and will therefore be adverted to very briefly. In all countries where there are laws of prescription or limitation the possession of lands will, after a specified lapse of time, give title as between individuals; and the claim of the Government, notwithstanding-the maxim of nullum tempxis, will be precluded if the occupant be permitted to remain in immediate possession for a period of time fixed or recognized by the laws as imparting dominion over property. In support of possession, where this has been continued for the period prescribed by or analogous to the statutes of limitation, a grant, deed, or any other instrument effectual to convey title will be presumed. But possession is the essential basis of such presumption. Without this it cannot be created. But where this exists the law will presume everything necessary for its support, (2 Strobt. R., 148; 2 Con. R., 420 ; 2 Rich. Eq. R., 22; 1 Bail. R., 26;) and where it does not the law will presume nothing in favor of the title. There was no possession in this case before the commencement of this suit, and a grant cannot therefore be presumed, as the principal requisite for the foundation of such presumption is wanting.
The title of the plaintiff must be regarded as inchoate in its character, and as having no standing in courts without the previous action or sanction of the political authorities.
We may pause here to remark that the petition contains no allegation of the approval by the Federal Executive of this location within the coast leagues. Were there' no other objections to the tit]e the cause would be remanded, that the fact, if it existed, might be averred.
But as we are of opinion, on the ground previously stated, that there is no error in the judgment, it is therefore ordered that the'same be affirmed.
Judgment affirmed.