

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 27, 1970

Honorable G. R. Close          Opinion No. M-618
County Attorney
Ochiltree County Courthouse  Re:  Certain questions relating
Perryton, Texas  79070              to construction of Article
                                    1011m, V.C.S., dealing with
                                    Regional Planning Commission.

Dear Mr. Close:

Your recent letter requests the opinion of this office concerning ten questions involving the construction of Article 1011m, Vernon's Civil Statutes, dealing with Regional Planning Commissions.

Your first question asks:

"1. Is there a legal difference between a regional planning commission, council of governments, and area development councils and, if so, please explain the difference."

In answer thereto, you are advised that insofar as the subject entities are formed and derive their powers under Article 1011m there is no substantial legal difference in powers, provided organizational records clearly show that such entity is organized under that statutory authority. Each entity, however, may be formed for different purposes and have different objectives. See Section 2 of Article 1011m: Attorney General Opinion No. M-518 (1969).

Your second question poses the following question:

"2. Are any of the above mentioned organizations, (the Potter and Randall Counties Regional

Planning Commission or Council of Governments)
under any supervision, either directly or in-
directly, by the Federal Government or an agency
of the Federal Government."

This question does not involve a legal question but a
question of fact, which may be determined by a factual in-
vestigation with the federal agencies mentioned. Since under
Section 4 of Article 1011m the entity "shall be a political
subdivision of the state," and no authority is granted by the
statute for such an entity to be supervised by the federal
government or any federal agency, it is the opinion of this
office that any such supervision would be unauthorized. Bryan
v. Sundberg, 5 Tex. 418 (1849); Attorney General Opinion No.
M-610 (1970).

Your third question, insofar as it covers state agencies,

"3. Are any of the above mentioned organi-
zations under any type supervisions from other
Federal or state organizations, and, if so, please
explain" (Emphasis added.),

cannot be answered, as it involves a factual matter rather than
a legal question. Inquiry should be made of the Director of the
Division of Planning Coordination in the Governor's Office as
to such matters, including any contracts with other member gov-
ernments which the entity may have entered into pursuant to
Section 4 of Article 1011m. Inquiry might also be made as to
Interstate Commissions under Section 7 and activity under Sec-
tion 8 of Article 1011m in international areas.

We quote your fourth and fifth questions:

"4. Is there any requirement that under any
of the above mentioned organizations that repre-
sentation from low income and minority group
members be assured?"

"5. At the present time, is there a require-
ment that the views of established citizens groups,
low income citizens and minority group members
must be solicited before adoption of any major work
programs, proposals or planning documents...."

We regret we are unable to answer these factual questions,
which call for an investigation of the agreements which have
been entered into. A low income and minority groups does not
constitute a political entity as such; however, Section 5 of
Article 1011m permits the cooperating governmental units to
determine by agreement their number, qualifications, and the
means and methods of operation. Consequently, this is a mat-
ter left to the discretion of such units by the statute. There
is no statutory requirement for representation from any partic-
ular group, such as "low income or minority groups members," or
for solicitation of their views before adoption of work programs,
proposals or planning documents.

Your sixth inquiry reads:

"6. Can Potter County, Randall County, the
City of Amarillo and the City of Canyon include
all Panhandle counties in their Council of Govern-
ment...."

In our opinion, they may do so under the authority of Art-
icle 1011m; provided, however, the governing bodies to be in-
cluded mutually agree thereto, as required by Section 3, Article
1011m, and meet the conditions prescribed in Section 1.D, Art-
icle 1011m. Under the bylaws of the Panhandle Planning Commis-
sion all counties in the panhandle are expressly declared to be
eligible for membership if the county so elects.

We now quote your seventh and ninth questions:

"7. On the other hand, may a city, like the
City of Perryton, or Ochiltree County, which does
not adjoin Potter or Randall County, if it should
desire, join the Potter and Randall County Council
of Government?

"9. May counties that have mutual problems, but are not contiguous, form a council of governments or a regional planning commission. For example, could Ochiltree County and Hansford County form a council of governments with Roberts and Armstrong Counties?"

These questions must be answered in the negative. Article 1011m, Section 1.D, declares that:

"'Region', 'Area', or 'Regional' means a geographic area consisting of a county or part thereof, two or more adjoining counties or adjoining parts thereof, which have common problems...." (Emphasis added.)

We now consider your eighth question,

"8. Is it permissible for the regional planning commission or council of governments to have written into its by-laws that the governing body, or council, shall be composed of only elected officials who were elected at an election held under the Texas Election Code?"

We answer this question in the affirmative, as it is within the authority given the governing bodies of the cooperating governmental units under Section 5 of Article 1011m.

Your final tenth question is as follows:

"10. Finally, at the present time, Ochiltree County does not belong to the Amarillo Council of Governments or any other regional planning commission or council of governments. If Ochiltree County should want to make application for State and/or Federal Funds, would its application be required to be screened or approved by the Amarillo Council of Governments, since they have included twenty-five of the Panhandle counties, including Ochiltree County, Texas, in their area?"

We find nothing in the statute which requires such an application to be screened or approved by the Amarillo Council of Governments.

We regret that we are unable to answer this question as posed, for it involves questions of administrative policy and of fact, involving feasibility and fact finding by a state agency. This office has no authority to determine a factual question.

## S U M M A R Y

(1) There is no legal difference between regional planning commission, councils of government, and area development councils organized pursuant to the terms of Article 1011m, Vernon's Civil Statutes.

(2) Regional planning commissions may not legally be supervised by the federal government or its agencies.

(3) Representation from low income and minority groups on regional planning commissions is not a statutory prerequisite to the establishment or operation of such commissions.

(4) A county cannot be included in a regional planning commission without its assent to joining same, although under the bylaws of the Panhandle Planning Commission all counties in the panhandle are expressly declared to be eligible for membership if the county so elects.

(5) Two counties cannot form a regional planning commission unless they adjoin each other.

(6) It is permissible for a regional planning commission to stipulate in its by-laws that the governing body of such commission shall be composed only of officials that were elected at an election held pursuant to the terms of the Texas Election Code.

(7) We find nothing in the statute which requires such an application to be screened or approved by the Amarillo Council of Governments.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James Swearingen and Austin C. Bray, Jr.
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

Roger Tyler
Ivan Williams
Rex White
Fielding Early

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant